UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KINGVISION PAY-PER-VIEW, LTD., as Broadcast Licensee of the October 2, 2004, Trinidad/Mayorga Event, §§§§§ *Plaintiff*, §§ v. §§ ARMANDO GUERRA, §§§§§ Individually and d/b/a La Playita (a/k/a La Playita Bar), §§ *Defendant*. | CIVIL ACTION H-07-1822 |

## ORDER ON DEFAULT JUDGMENT

Pending before the court are plaintiff's request for entry of default (Dkt. 5) and motion for default judgment (Dkt. 6). After examining plaintiff's motions, the evidence of record, and the applicable law, the court is of the opinion that both motions should be GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on June 1, 2007, alleging that defendant had illegally intercepted the closed-circuit telecast of the October 2, 2004, championship boxing match between Felix Trinidad and Ricardo Mayorga, including undercard or preliminary bouts and exhibited the Event in defendant's establishment, La Playita a/k/a La Playita Bar, without paying the licensing fee to the plaintiff.[1] Plaintiff possess the exclusive right to license the exhibition of the telecast to commercial establishments such as the defendant's.[2] Plaintiff served process on June 27, 2007, and the summons

---

[1] *See* Dkt. 6.

[2] *See* Dkt. 6, Ex. A.

and complaint were personally given to defendant at 2502 Elysian Rd., Houston, Texas 77009.[3] The defendant was given twenty days to answer the complaint. On September 21, 2007, long after the defendant's deadline to submit an answer had passed, plaintiff filed a request for entry of default and a motion for default judgment.[4] Copies of both filings were delivered to the defendant via certified mail, return receipt requested.[5] To date, the defendant has not answered the complaint, nor has he responded to plaintiffs' default motions.

## ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint to the defendant. FED. R. CIV. P. 4(c)(1). Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5. In this case plaintiff seeks statutory damages, additional damages, attorney's fees, costs and post-judgment interest, and a permanent injunction against the defendant. Under the Federal Communications Act of 1934, 47 U.S.C. § 605(e)(3)(C)(i)(II) allows courts to award statutory damages to a plaintiff in an anti-piracy case, § 605(e)(3)(C)(ii) allows courts to award additional damages for willful behavior, § 605(e)(3)(B)(iii) mandates that courts award attorney's fees and allows courts to award full costs, and § 605(e)(3)(B)(I) permits courts to grant an injunction.

Plaintiff properly served process on the defendant by personally serving him through a process server. The summons was addressed to the defendant and it explained the consequences of not answering the complaint pursuant to Rules 4(d)(2)(A) and 4(d)(2)(D) of the Federal Rules of

---

[3] *See* Dkt. 4.

[4] *See* Dkt. 5-6.

[5] *See* Dkt. 5 at 3; Dkt. 6 at 23.

Civil Procedure.  Plaintiff satisfied Local Rule 5.5 by mailing a copy of the request for entry of default and the motion for default judgment to the defendant via certified mail, return receipt requested.  Accordingly, the defendant was properly served in this case with process and plaintiff's default motions.  Given the defendant's failure to answer the complaint in a timely manner, the court has the authority to accept all well-pleaded facts in plaintiff's complaint as true and to award the relief sought by the plaintiff in this action.

Specifically, the plaintiff has requested statutory damages in the amount of $10,000, additional damages in the amount of $50,000, attorney's fees in the amount of $20,000, conditional attorney's fees, costs and post-judgment interest at the rate of 8.25%, and a permanent injunction prohibiting defendant from intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act.  The court finds the requested relief to be reasonable in this case with the exception that the post-judgment interest shall accrue at the rate of 4.12% per annum.

## Conclusion

For the foregoing reasons, plaintiffs' request for entry of default and motion for default judgment are GRANTED.  A separate, final judgment will be entered in accordance with this Order.

It is so ORDERED.

Signed at Houston, Texas on October 12, 2007.

_____
Gray H. Miller
United States District Judge